# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT C. JOHNSON and<br>AMY S. JOHNSON, | : | Case No.: 2:20-cv-71 |
| | : | |
| | : | Judge: |
| Plaintiffs, | : | |
| | : | **COMPLAINT** |
| v. | : | |
| | : | |
| TIMOTHY O'BRIEN FULLER and<br>UNITED FINANCIAL CASUALTY<br>COMPANY, | : | |
| | : | Filed on behalf of: Plaintiffs |
| Defendants. | : | |
| | : | Counsel of Record for this Party: |
| | : | |
| | : | Michelle Marinacci, Esquire |
| | : | Ohio ID #87171 |
| | : | |
| | : | GOLD, KHOUREY & TURAK, L.C. |
| | : | 510 Tomlinson Ave. |
| | : | Mounsville, WV 26041 |
| | : | (304) 845-9750 |
| | : | (304) 845-1286/facsimile |
| | : | mlm@gkt.com |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT C. JOHNSON and<br>AMY S. JOHNSON, | : | CIVIL ACTION |
| | : | |
| | : | Case No.: 2:20-cv-71 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY O'BRIEN FULLER, and<br>UNITED FINANCIAL CASUALTY<br>COMPANY, | :<br>:<br>: | |
| | : | |
| Defendant. | | |

## COMPLAINT

AND NOW comes the Plaintiff, Robert C. Johnson, by and through his attorneys, Michelle Marinacci, Esquire, and Gold, Khourey & Turak, L.C., and files the following Complaint in Civil Action:

## Parties and Scope

1. Plaintiff, Robert C. Johnson, (hereinafter "Johnson" or "Plaintiff") is a resident of the Commonwealth of Pennsylvania, with a residential address at 199 Burrellton Dr., Lower Burrell, PA 15068-2407.

2. Plaintiff, Amy S. Johnson, (hereinafter "wife-Plaintiff") is a resident of the Commonwealth of Pennsylvania, with a residential address at 199 Burrellton Dr., Lower Burrell, PA 15068-2407. She is the wife of co-Plaintiff, Robert C. Johnson.

3. Defendant, Timothy O'Brien Fuller (hereinafter, "Fuller" or "Defendant"), is, upon information and belief, a resident of the State of Ohio with a residential address at 292 Lear Street,

Columbus, OH 43206.

4. Defendant, United Financial Casualty Company ("United"), is a subsidiary of Progressive Commercial Holdings, Inc., and is an Ohio corporation with its principal place of business in Ohio and a business address at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

## Jurisdiction and Venue

5. Jurisdiction is proper in the United States District Court for the Southern District of Ohio pursuant to 28 USC § 1332(a), which provides for original jurisdiction in the district courts of all actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and in which there is complete diversity of citizenship among the parties.

6. This Court has personal jurisdiction by way of the location of the subject motor vehicle accident in Columbus, Ohio.

7. Plaintiff is a resident of the Commonwealth of Pennsylvania.

8. Defendant Fuller is a resident of the State of Ohio and Defendant United is an Ohio-based corporation.

9. Accordingly, complete diversity exists in this case.

10. Plaintiff alleges, in good faith and after reasonable investigation, that the amount in controversy exceeds $75,000.00.

## Factual Allegations

11. Relevant to this action, Plaintiff worked for R.C. Johnson Trucking, LLC, both as the managing member of the LLC and as a long-haul truck driver.

12. On or about March 4, 2018 at around 7:00 p.m., Plaintiff was safely driving a long-haul truck in his capacity as an employee of R.C. Johnson Trucking, LLC and was hauling approximately 44,000 pounds of steel.

13. Plaintiff was operating the truck so that it was heading westbound in the right lane

of I-70W in Columbus, Ohio.

14. At or about the same time and place, Defendant Fuller was operating his vehicle, a white 2010 Audi A4, along the on-ramp from E. Fulton St. to I-70W.

15. At or about the same time and place, Defendant Fuller attempted to merge onto I-70W, despite the fact that the truck being driven by Plaintiff and several other vehicles allowed for no space for him to do so.

16. Accordingly, Defendant Fuller drove the left side of his car under the right side of the trailer of Plaintiff's truck and subsequently became stuck.

17. Due to Defendant's vehicle being stuck under the right side of his truck, Plaintiff felt his truck begin to tip over and had to use tremendous strength to prevent the truck from doing so by turning the steering wheel. This strain on his arm caused injury, as further delineated below.

18. Plaintiff eventually was able to come to a stop about 250 feet after being violently impacted by Defendant's vehicle.

19. Plaintiff drove approximately 250 feet before he was able to recognize that Defendant's vehicle was stuck under the right side of his trailer and safely and immediately came to a stop accordingly.

20. Defendant Fuller was subsequently charged with violating §2131.08(a)(1) of the Columbus Code of Ordinances for changing lanes when it was not safe to do so.

21. Defendant Fuller plead guilty to violating §2131.08(a)(1) of the Columbus Code of Ordinances on March 14, 2018.

22. The above-described incident caused Plaintiff to suffer injuries and damages, as further described below.

## COUNT I
## ROBERT C. JOHNSON v. TIMOTHY O'BRIEN FULLER
### Negligence

23. Plaintiff incorporates by reference all proceeding paragraphs as though the same were more fully set forth at length herein.

24. As explained above, Defendant negligently and carelessly operated his vehicle by merging onto the highway when it was unsafe to do so and by failing to be aware of the vehicles around him.

25. As a direct and proximate result of his actions, Defendant caused his vehicle to collide with the truck being driven by Plaintiff.

26. The incident was cases solely by the carelessness and negligence of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any failure or failure to act on the part of Plaintiff.

27. As a direct and proximate result of the negligent actions of Defendant, Plaintiff has suffered certain serious injuries of mind and body, some of which are permanent in nature and all of which have been painful and disabling.

28. The injuries suffered by Defendant include, but are not limited to, a torn rotator cuff in his right shoulder and post traumatic stress disorder (PTSD).

29. As a further direct and proximate result of the negligence of Defendant, Plaintiff has been caused to incur the following damages:

    a. He has suffered and will continue to suffer pain, discomfort and inconvenience;

    b. He has had to undergo medical treatment;

    c. He has had to undergo rotator cuff surgery;

    d. He has had to obtain physical therapy;

  e.  He has had to receive counseling relative to his PTSD;

  f.  He has been unable to enjoy the ordinary pleasures of life;

  g.  He has been and continues to be unable to work;

  h.  His business has lost money, clients, and has ceased operations;

  i.  He has incurred significant lost wages;

  j.  He has suffered a loss of earning capacity; and

  k.  Other damages, the full extent of which are unknown at this time.

## COUNT II
### ROBERT C. JOHNSON v. TIMOTHY O'BRIEN FULLER
#### Negligence *Per Se*

30. Plaintiff incorporates by reference all proceeding paragraphs as though the same were more fully set forth at length herein.

31. Defendant failed to make sure the traffic was clear prior to merging onto the highway from the on-ramp, which constitutes a violation of Columbus Code of Ordinances §2131.08.

32. The purpose of the above-described ordinance is to prevent collisions such as the one at issue in this action.

33. The violation of this ordinance constitutes negligence *per se*. Said conduct and/or omissions directly and proximately resulted in the above-referenced collision.

34. As a direct and proximate results of the Defendant's carelessness and negligence, Plaintiff suffered the injuries and damages described in Count I, above.

## COUNT III
### AMY S. JOHNSON v. TIMOTHY O'BRIEN FULLER
#### Loss of Consortium

35. Plaintiff incorporates by reference all proceeding paragraphs as though the same were more fully set forth at length herein.

36. At all times relevant hereto, the wife-Plaintiff, Amy S. Johnson, was and remains the wife of the plaintiff, Robert C. Johnson.

37. As a direct and proximate result of the negligence of the Defendant and the injuries sustained by Robert C. Johnson, wife-Plaintiff has sustained a loss of consortium, services, support and society of her husband.

## COUNT IV
## ROBERT C. JOHNSON v UNITED FINANCIAL CASUALTY COMPANY
### Underinsured Motorists Claim

38. Plaintiffs incorporates by reference all proceeding paragraphs as though the same were more fully set forth at length herein.

39. Prior to and at the time of the crash at issue herein, United insured, under a policy numbered 02742130-2, the vehicle which Plaintiff was driving at the time of the incident. Upon information and belief, United is in control and possession of said policy and, therefore, is aware of the terms and conditions thereof.

40. Upon information and belief, said policy of automobile insurance with United was in full force and effect on the date of the March 4, 2018 crash herein.

41. At all times relevant hereto, RC Johnson Trucking LLC, the owner of the vehicle which Plaintiff was driving at the time of the accident, met and fully complied with all contractual terms and obligations due and owing United under the terms of said policy of automobile insurance.

42. Under the express terms of said policy of insurance, United agreed to pay uninsured/underinsured damages for bodily injury to any occupant of the 1994 Peterbilt Glider, which Plaintiff was driving at the time of the accident, in the event an accident was caused by and uninsured and/or underinsured vehicle.

43. Under information and belief, the vehicle that Defendant Fuller was driving at the

6

time of the crash was an uninsured and/or underinsured vehicle.

44. As an occupant of the 1994 Peterbilt Glider at the time of the accident, Plaintiff Robert C. Johnson was a covered person and thus entitled to benefits, damages, and insurance policy proceeds from the United uninsured/underinsured policy described herein.

45. Upon information and belief, Plaintiff Robert C. Johnson is or may be legally entitled to collect from United a sum in excess of the liability limits for bodily injury applicable to claims asserted herein, and Robert C. Johnson would therefore be entitled to recover uninsured/underinsured motorists benefits from United.

**PRAYER FOR RELIEF/REQUEST FOR REMEDIES**

WHEREFORE, Plaintiffs demand judgments against the Defendants, jointly and severally, in an amount in excess of $75,000.00 sufficient to compensate Plaintiffs for their injuries and damages suffered and against Defendants for interest, court costs, and for such further legal and equitable relief to which these Plaintiffs shall be entitled.

Respectfully submitted,

GOLD, KHOUREY & TURAK, L.C

*s/Michelle Marinacci*
Michelle Marinacci, Esquire
Ohio ID #87171

Gold, Khourey & Turak, L.C.
510 Tomlinson Ave.
Mounsville, WV 26041
(304) 845-9750
(304) 845-1286/facsimile
mlm@gkt.com

## JURY TRIAL DEMANDED

The Plaintiffs demand a trial by jury in the within cause of action.

        Respectfully submitted,

        GOLD, KHOUREY & TURAK, L.C

        *s/Michelle Marinacci*
        Michelle Marinacci, Esquire
        Ohio ID #87171