## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT C. JOHNSON and <br> AMY S. JOHNSON, <br> <br> Plaintiffs, <br> <br> v. <br> <br> TIMOTHY O'BRIEN FULLER and <br> UNITED FINANCIAL CASUALTY <br> COMPANY, <br> <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br> <br> Case No.: 2:20-cv-00071 <br> <br> Chief Judge Algenon L. Marbley <br> <br> Magistrate Judge Kimberly A. Jolson |

### Memorandum In Support of Plaintiffs' Motion For Entry Of An Order Permitting Service By Publication And Second Motion To Extend Time For Service

COME NOW, Plaintiffs Robert C. Johnson and Amy S. Johnson, and submit the following memorandum of law in support of their Motion For Entry of an Order Permitting Service by Publication and Second Motion to Extend Time for Service.

### FACTUAL BACKGROUND

This case is brought by Robert C. Johnson and his wife, Amy S. Johnson, pursuant to a motor vehicle accident which occurred on March 4, 2018 on I-70W in Columbus, Ohio. A Motion to Extend Time for Service, along with a memorandum in support, was originally filed by Plaintiffs on April 7, 2020, and this Court granted a thirty (30) day extension on April 8, 2020. For the sake of avoiding repetition, Plaintiffs refer to the prior motion and memorandum for a recitation of the service attempts made prior to April 7, 2020.

Since the date of the April 8, 2020 order, Plaintiffs have made numerous good faith attempts

to locate and serve Mr. Fuller. After the failed attempt at personal service on Defendant Fuller at the only verified address known to Plaintiffs in the State of Ohio, the address listed on the accident report, and the refusal to disclose his current address by Defendant Fuller's mother who resided at that location, a nationwide search for Defendant Fuller's location began.  Rod Troupe of Finley Consulting and Investigations informed Plaintiffs' counsel that he believed Defendant Fuller had moved to the San Francisco area of California.

At the direction of Plaintiffs' counsel, Mr. Troupe retained the services of a California-based investigation firm to locate Mr. Fuller.  The California-based firm discovered two possible addresses.  The local investigator visited both locations, which each turned out to be sober-living rehabilitation houses.  Mr. Fuller was no longer residing at either location and the residents either not know or would not disclose where Mr. Fuller had moved.  The local investigator is continuing his efforts to locate Mr. Fuller but has, to date, been unsuccessful.  A true and correct copy of an affidavit from Rod Troupe detailing the service attempts over the past month is set forth in Exhibit 3.

In addition to these efforts, Plaintiffs' counsel have also contacted Defendant Fuller's insurance company on numerous occasions, including providing a copy of the Waiver Request and Complaint *at the insurer's request* on February 14, 2020.  *See*, Exhibits 4 through 10, inclusive.  Nevertheless, the insurer has refused to file an appearance and defend its insured.

## ARGUMENT

Nearly five months after the Complaint in this action was filed, Defendant, Timothy O'Brien Fuller, continues to elude service of process.  As provided above, it is apparent that he is aware of the civil lawsuit against him, as his insurer was provided with the unsigned waiver of service of summons and communicated as much to Plaintiffs' counsel. The only way his insurer would have known of the existence of this suit in order to contact counsel would have been by its

2

insured, Timothy O'Brien Fuller, notifying it that he had received the January 6, 2020 Request for Waiver of Service of Summons and Complaint. Despite diligent efforts by the Plaintiffs, their counsel, and multiple investigators to identify Defendant Fuller's current residence and whereabouts so as to satisfy their service obligations, Defendant Fuller's location remains unknown.

To that end, Plaintiffs respectfully move the Court to direct the Clerk of the Court (the "Clerk") to served Defendant Fuller by publications as provided under federal and Ohio state law. Plaintiffs further move under Rule 4(m) of the Federal Rules of Civil Procedure for an extension of time to serve Defendant Fuller, as such extension is necessary to effectuate service of process by publication. Good cause exists for the service by publication and extension of time for service.

### I. SERVICE OF DEFENDANT TIMOTHY O'BRIEN FULLER BY PUBLICATION

Rule 4(e)1 of the Federal Rules of Civil Procedure provides the following:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; …

Concurrently, Rule 4.4(A)(1) of the Ohio Rules of Civil Procedure provides that "if the residence of the defendant is unknown, service shall be made by publication" ("Service by Publication"). This rule provides a three-step process for Serviced by Publication. First, the moving party or counsel must submit an affidavit averring "that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf o the party to ascertain the residence of the party to be served, and that the residence of the party to be served cannot be ascertained with reasonable diligence."

In compliance with this first step, attached as Exhibit 4 is an Affidavit by George M.

Kontos, *pro hac vice* counsel for the Plaintiffs, averring that (a) service of the summons and complaint in this action cannot be made on Defendant Fuller because his residence is unknown to Plaintiffs and counsel, (b) details regarding the diligent and exhaustive efforts taken by Plaintiffs and their counsel and agents, to ascertain Defendant Fuller's residence, and (c) that Defendant Fuller's current residence cannot be ascertained with reasonable diligence.

The second step, in accordance with Ohio Rule 4.4.(A)(1), provides the following upon the filing of the affidavit:

> [T]he clerk shall cause service of notice to be made by publication in a newspaper of general circulation in the county in which the complaint is filed. . . . The publication shall contain the name and address of the court, the case number, the name of the first party on each side, and the name and last known address, if any, of the person or persons whose residence is unknown. The publication also shall contain a summary statement of the object of the complaint and demand for relief, and shall notify the person to be served that he or she is required to answer within twenty-eight days after the publication.

To assist in this second step, attached hereto is a proposed order suggesting language for notice to Defendant Fuller that complies with the requirements of Ohio Rule 4.4(A)(1). Plaintiffs request that the Clerk publish the Notice in *The Columbus Dispatch* which is a "general circulation newspaper" and is the most popular and most circulated newspaper in the Columbus, Ohio area. Plaintiff is willing to bear any cost or expenses associated with publishing notice to Defendant Fuller in *The Columbus Dispatch*.

The third and final step provides as follows:

> The publication shall be published at least once a week for six successive weeks unless publication for a lesser number of weeks is specifically provided by law. Service shall be complete at the date of the last publication. After the last publication, the publisher or its agent shall file with the court an affidavit showing the fact of publication together with a copy of the notice of publication. The affidavit and copy of the notice shall constitute proof of service.

Assuming the Court directs the Clerk to initiate Service of Publication within a week after the filing of this motion, Plaintiff estimates the last publication will occur during the week of June

22, 2020. Accordingly, Plaintiff estimates that Defendant Fullers twenty-eight (28) day period to file a responsive pleading to fall between July 20, 2020 and July 24, 2020.

## II. SECOND MOTION TO EXTEND TIME FOR SERVICE

Ruel 4(m) provides that "if the plaintiff shows good cause for the failure [to serve], the court *must* extend the time for service for an appropriate period." (emphasis added). Good cause to extend the time requirements may exist when the defendant intentionally evades service of process and where Plaintiff has taken diligent and reasonable efforts to serve process. See *Wise v. Dep't of Def.*, 196 F.RD. 52, 54 (S.D. Ohio 199)(citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991); see also, *In re. S. Indus. Banking Corp.*, 205 B.R. 525, 534 (E.D. Tenn. 1996). To demonstrate good cause, "a plaintiff may [also] show he/she made a reasonable and diligent effort to effect service." *Habib v. General Motors Corp.*, 15 F.3rd 72, 74 (6th Cir. 1994).

Plaintiffs were originally to effect service on all Defendants on or before April 6, 2020. On April 8, 2020, this Court entered an Order extending the time period for service for thirty (30) days. Good cause exits to further extend this period. In this case, as explained above and in the affidavits attached hereto, not only did the Defendant Fuller fail to return a waiver of service sent to the only documented address known for him, he also notified his insurance company of the lawsuit. It is apparent that Defendant Fuller had knowledge of the Complaint filed against him and of Plaintiffs' service attempts, either by receiving the mail personally or through his mother who still lives at his prior address. Plaintiffs' Ohio counsel and *pro hac vice* counsel have separately emailed, spoken to, and/or sent letters to the adjuster from Defendant Fuller's insurance company on multiple occasions. See Exhibits 5, 6, 7, and 8 for the various communications with Defendant Fullers' insurer. The adjuster has refused to assign counsel to accept service on Mr. Fuller's behalf and refused to provide Defendant Fuller's current address and contact information.

Plaintiffs' counsel has been diligent and made reasonable efforts to locate and serve

Defendant Fuller, first by sending the required Notice and Request for Waiver of Service and later by attempting service by mail, including certified mail, and personally by retaining multiple process servers in two states. Plaintiffs' counsel originally had no reason to believe Defendant Fuller had moved, and thus was justified in attempting service at the last known address. Finally, as described in Part I, above, Plaintiffs now move to proceed with Service by Publication through the Clerk of Court. This process will take 42-days, at minimum, from the date of the first publication. Plaintiff respectfully requests a ninety (90) day extension within which to either locate Mr. Fuller's new address and effectuate service or to satisfy the requirements for Service by Publication.

Even where good cause has not been demonstrated, Rule 4(m) allows a Court, in its discretion, to order that service be made within a specified time. *Smith v. Grady*, 960 F. Supp. 2d 735, 749 (S.D. Ohio 2013); *Osborne v. First Union National Bank of Del.*, 217 F.R.D. 405 (S.D. Ohio 2003). This court has developed a five-factor test in determining whether a case should go forward in the absence of "good cause." See *Wise v. Dept. of Defense*, 196 F.R.D. 52 (S.D. Ohio 1999). Such factors include whether: (1) a significant extension of time; (2) an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.d., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service. *Id.* at 57. "Rule 4 is a flexible rule which principally requires sufficient notice to the party of claims brought against it, and dismissal is not appropriate unless the party has been prejudiced." *Gottfried v. Frankel*, 818 F.2d 485, 493 (6th Cir. 1987).

Even in the absence of "good cause," however, this is clearly a case in which the Court should exercise its discretion and extend the time for service. First, an extension of time is required as the 90 days allotted under Rule 4 has now expired and the thirty-day extension is close

6

to expiring as well.  Second, the requested extension would not significantly delay the accomplishment of service, as Plaintiffs' investigator is diligently attempting to locate Mr. Fuller in California. Third, the Defendant clearly has knowledge of this suit and would not be prejudiced by a reasonable extension of time for service.  Finally, as detailed above, Plaintiffs have made numerous good faith efforts to effect proper service and was further delayed in their attempts to effect personal service through a process server by the current Covid-19 pandemic. "By exercising its discretion to permit and extension of time to effectuate service, this Court is acting consistently with the Sixth Circuit's 'preference for deciding cases on the merits.'" *Smith v. Grady*, 960 F. Supp. 2d at 749 (quoting *Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003)).

For these reasons, even in the absence of a finding of good cause, the time for serving the Complaint in this case should be extended.  As Mr. Fuller has only recently moved, there was no reliable public record of Mr. Fuller's new residence that was readily available to Plaintiffs' counsel. Mr. Fuller has also moved several times over the past year in California. Furthermore, he and his mother have refused to provide an address where he may be served and his insurer has actual notice of the Complaint and Request for Waiver of Service.  Defendant Fuller also refused to sign the waiver of summons, which he apparently received or was put on notice.  A ninety (90) day extension is reasonable.

## CONCLUSION

For the reasons set forth above, Plaintiffs' respectfully move the Court to direct the Clerk to serve Defendant Fuller by publication as provided under federal and Ohio state law.  Plaintiffs further request that the court extend the time to effect service on Defendant Fuller for an additional 90 days from the date the Court orders the Clerk to effect service by publication. Good cause exists for the extension.

7

      Respectfully submitted,

      s/ *Michelle Marinacci*
      Michelle Marinacci, Esquire
      Ohio ID #87171
      Gold, Khourey & Turak, L.C.
      510 Tomlinson Ave.
      Moundsville, WV 26041
      (304) 845-9750
      (304) 845-1286/facsimile
      mlm@gkt.com


      s/George M. Kontos
      George M. Kontos, Esquire (admitted *pro hac vice*)
      Kontos Killion & Hassen
      603 Stanwix Street
      Two Gateway Center, Suite 1228
      Pittsburgh, PA 15222
      (412) 709-6162
      (412) 904-3820/facsimile
      gkontos@kontoslawgroup.com

Dated: May 4, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2020, I served the foregoing Memorandum in Support of Plaintiffs' Motion For Entry of an Order Permitting Service by Publication and Second Motion to Extend Time for Service via U.S. First Class mail to:

>Timothy O'Brien Fuller
>931 San Anselmo Ave.
>San Anselmo CA 94960

and by CM/ECF electronic filing to:

>Robert C. Buchbinder, Esq.
>Crabbe, Brown & James, LLP
>500 South Front Street
>Suite 1200
>Columbus, OH 43215
>Counsel for United Financial Casualty Company

>>Respectfully submitted,
>>
>>GOLD, KHOUREY & TURAK, L.C
>>
>>s/Michelle Marinacci
>>Michelle Marinacci, Esquire
>>Ohio ID #87171
>>Gold, Khourey & Turak, L.C.
>>510 Tomlinson Ave.
>>Moundsville, WV 26041
>>(304) 845-9750
>>(304) 845-1286/facsimile
>>mlm@gkt.com