IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT C. JOHNSON, et al.,**

    **Plaintiffs,**

  v.                                    Civil Action 2:20-cv-71
                                          Chief Judge Algenon L. Marbley
**TIMOTHY O'BRIEN FULLER, et al.,**      Magistrate Judge Jolson

    **Defendants.**

## ORDER

This matter is before the Court on Plaintiffs' Motion for Entry of an Order Permitting Service by Publication and Second Motion to Extend Time for Service. (Doc. 18). Plaintiffs seek to serve Defendant Timothy O'Brien Fuller, by publication as provided under federal and Ohio state law. (*See id.*). Rule 4(e) of the Federal Rules of Civil Procedure authorizes service by means provided under state law. Rule 4.4 of the Ohio Rules of Civil Procedure governs service by publication:

> if the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.

Ohio R. Civ. P. 4.4(A)(1).

Here, Plaintiffs have provided the declaration of licensed private detective Rodney Troupe, who was hired to locate and serve Defendant Fuller. (Doc. 18-1). Mr. Troupe's firm attempted but failed to locate Defendant Fuller in Ohio and then in California. (*See generally id.*). Following these efforts, Mr. Troupe's firm conducted further research, including scanning voter registration

records, court records, social media, and a proprietary database.  (*Id.*, ¶ 12).  Plaintiffs have also attached the affidavit of George Kontos, who serves as *pro hac vice* counsel of record for Plaintiffs.  (Doc. 18-2).  Mr. Kontos reiterates the exhaustive efforts Plaintiffs have made to locate and serve Defendant Fuller and represents that Defendant Fuller's address is unknown and cannot be ascertained with reasonable diligence.  (*Id.*, ¶ 24).

Plaintiffs, therefore, seek to publish the notice set forth in Doc. 18-10, once a week for six consecutive weeks, in the Columbus Dispatch, a newspaper of general circulation in the Columbus, Ohio area.  (Doc. 18-9 at 4).  Upon review of the proposed notice, the Court finds that such publication complies with the requirements of Ohio R. Civ. P. 4.4(A) and is reasonably calculated, under the circumstances, to apprise Defendant Fuller of the pendency of this action.  *See U.S. Commodity Futures Trading Comm'n v. Majestic Enter. Collision Repair, Inc.*, No. 4:10 CV 2287, 2011 WL 767890, at *2 (N.D. Ohio Feb. 28, 2011).  Consequently, for good cause shown, Plaintiffs' Motion is **GRANTED**.  Plaintiffs shall file a notice on the docket once the notice is published.  Defendant Fuller is **ORDERED** to respond to the Complaint within twenty-eight (28) days after the last day of publication.

Finally, for good cause shown, Plaintiffs are **GRANTED** an additional ninety (90) days from the date of this Order to effect service by publication.

IT IS SO ORDERED.

Date:  May 5, 2020                                     /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE